## MULLENS et al. v. PIONEER GAS CO., Inc., et al.

### No. 4744.

Court of Appeal of Louisiana. Second Circuit.

May 4, 1934.

Thompson & Thompson, of Monroe, for appellants.

Fink & Fink, of Monroe, for appellees.

TALIAFERRO, Judge.

Relators, seven in number, alleging themselves to be the owners of 61 shares, having a par value of $100 per share, of the capital stock of the defendant company, same being more than 2 per cent. of all the authorized stock of defendant, seek by this suit, a proceeding for mandamus, to compel the production by defendant, or its president, of its corporate records and official books, on a day and date to be set by the court, to the end that relators, or their agent or agents, may examine same for the purpose of "ascertaining the manner in which the corporate business is being handled and conducted, and to determine the value of their stock." They aver that they have requested and demanded that they be permitted to examine said books and records, but that such amicable action on their part has been met with the refusal of respondent. Alternative writ of mandamus was ordered issued as prayed for.

Respondent, after admitting that its authorized capital stock is $150,000, of the par value of $100 per share, and that of such authorized capital $75,000 had been issued, denied the other allegations of fact contained in the petition, as well as the alleged right of relators to provoke the issuance of mandamus herein; and aver that, if they are entitled to view, inspect, and examine respondent's records and books, such may be done only in its corporate office, and not by production thereof in open court.

After trial of the issues joined, there was judgment in favor of relators, making the alternative mandamus peremptory, excepting that relators' examination of respondent's books and records should be made at its office on any date or day, saving legal holidays, and not in open court. From this judgment, respondent suspensively appealed.

Respondent has filed no brief in this court. Apparently its appeal has been abandoned. However, we have read the record carefully and are of the opinion that the judgment appealed from is correct.

The right of minority stockholders to examine, in person or by agent or attorney, at any reasonable time or times, for any proper and reasonable. purpose, any and all books and records of the corporation, is guaranteed by paragraph 3 of section 38 of Act No. 250 of 1928. See section 4 of article 13 of Constitution of 1921. The exercise of such right is only vested in a stockholder, or a number of stockholders, whose share or shares of stock represent at least 2 per cent. of all outstanding stock, and who shall have owned such stock for six months or longer. The enforcement of this right, it is well settled, may be accomplished by resort to mandamus. Orlando v. Reliance Homestead Ass'n, 171 La. 1027, 132 So. 777; State ex rel. Carey v. Dalgarn Const. Co., 168 La. 620, 122 So. 884; Code of Practice, arts. 829, 832; La. Digest, vol. 4, p. 810, § 69.

The judgment appealed from is affirmed, at appellant's cost.